```
                                              FILED
                                        U.S. DISTRICT COURT
                                       DISTRICT OF COLORADO

                                         2017 JUN 30 PM 2:37
```

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

JEFFREY P. COLWELL
CLERK

Civil Action No: 16-CV-02480-WJM-CBS

BY_____DEP. CLK

| | |
|---|---|
| Gilbert T. Tso, a natural person and an American, <br><br> Plaintiff, <br><br> v. <br><br> Rebecca Murray (a.k.a. Tso), individually, Tanya Akins, individually, SHERR PUTTMANN AKINS LAMB PC, a law firm, Jeannie Ridings, Individually, KILILIS RIDINGS & VANAU PC, a law firm, Russell M. Murray, individually, Dena Murray, individually, Joanne Jensen, individually Richard F. Spiegle Psy.D., individually, DENVER DISTRICT COURT, a municipal entity, DENVER DEPARTMENT OF HUMAN SERVICES, a municipal entity, CITY AND COUNTY OF DENVER, a municipal entity, COLORADO DEPARTMENT OF HUMAN SERVICES, a governmental unit or political sub-division of the STATE OF COLORADO, <br><br> Defendants. | Article III, Court of Records <br> Common Law <br><br> Verified Complaint for: <br><br> ════════════════════════ <br><br> Civil RICO <br>   18 U.S.C. §§ 1962(c)(d); <br><br> Injunctive Relief (Sought) <br>   18 U.S.C. §§ 1345, 1514 <br>   28 U.S.C. §§ 2201, 2202, 2283 <br><br> Violations of Civil Rights, States & Federal Statutes <br>   14th Amendment U.S. Constitution; <br>   5th Amendment U.S. Constitution; <br>   42 U.S.C. §§ 654, 658, 666, 2000d-7; <br>   18 U.S.C. §§ 286, 287, 371, 1031 <br>   18 U.S.C. §§ 1341, 1343; 1584, 1589; <br>   18 U.S.C. §§ 1951-1952; <br>   C.R.S. § 18-8-306; <br>   720 ILCS § 5/32-4e; § 32-14; § 33-1; <br><br> Constitutional Challenge to Colorado State Statute C.R.S. § 14-10-124 <br><br> Demand for Trial by Jury where permitted. |

**Plaintiff's Verified Complaint for Emergency**
**Temporary Restraining Order and Preliminary Injunction**

Comes now Plaintiff, Gilbert T. Tso, *Pro Se/Pro Per/Sui Juris*, a natural person, an American and one of "We the People of the United States" as defined in the preamble of the Constitution for the United States, in support of this verified complaint, and pursuant to 18 U.S.C. §1514, 28 U.S.C.

Page 1 of 11

§ 2283 and Fed.R.Civ.P. 65, herein moves this Court for an order enjoining defendants COLORADO DEPARTMENT OF HUMAN SERVICES, DENVER DEPARTMENT OF HUMAN SERVICES, DENVER DISTRICT COURT, the COLORADO DEPARTMENT OF REVENUE and its DIVISION OF MOTOR VEHICLES from: 1) garnishment of wages, earnings and financial assets; and 2) suspending Plaintiff's ability to operate, for private and personal use, his personal automobile on interstate and intrastate highways, public roads and thoroughfares, and to do so *instanter*, until such time Plaintiff's Amended Complaint is heard at trial by jury and this Court has ruled on Plaintiff's Amended Complaint and forthcoming supplemental pleadings. Plaintiff states:

## **CONFERAL**

1. From June 23rd through June 29th, 2017, Plaintiff conferred with counsels for STATE OF COLORADO and DENVER municipal defendants, and counsels for defendants Akins, SPAL PC and Rebecca Murray, informing them of his intent to enter a supplemental pleading (complaint) pursuant to Fed.R.Civ.P. 15(d) in response to Defendants' actions since June 9th, 2017 directed against Plaintiff, and to move this Court for a temporary restraining order/preliminary injunction pursuant to Fed.R.Civ.P. 65. Plaintiff further stated that he would refrain from filing the pleadings if Defendants were willing to voluntarily retract, cease and desist in their retaliatory actions directed at Plaintiff until such time the matters in controversy [*see ECF #120*] are heard at trial by jury and resolved. In reply, Defendants expressed their objections to Plaintiff's intent to file a supplemental complaint, and his motion to this Court for a Temporary Restraining Order (TRO) and preliminary injunction against defendants. Defendants further refused to voluntarily retract

and suspend their actions pending a resolution to Plaintiff's current complaints. To preserve the status quo, Plaintiff has no other recourse but to move this Court for immediate, emergency injunctive relief, *instanter*.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 18 U.S.C. § 1514 as your Plaintiff, an American and one of "We the People of the United States" as defined in the preamble of the Constitution for the United States, is acting in the capacity of a private attorney general, on behalf of himself and the People, in a civil lawsuit before an Article III court against Defendants for claims under 18 U.S.C. §1962(c), (d) wherein your Plaintiff is also a victim, a witness and an informant before this Honorable Court of alleged criminal predicate acts perpetrated against within the definition of 18 U.S.C. §1961; and under the authority of the U.S. District Court to issue declaratory judgments pursuant to 28 U.S.C. §§ 2201, 2202; and further under 28 U.S.C. § 2283 where necessary in aid of its jurisdiction, as hereinafter more fully appears.

3. Venue is proper in the U.S. District Court for the District of Colorado, as the parties are all situated within the State of Colorado and all relevant actions in this instant complaint originate within its borders.

## PLAINTIFF'S AFFIDAVIT

4. I, Plaintiff and Affiant, Gilbert T. Tso, respectfully refer the Court to consider the instruction that it should broadly construe pleading requirements when handling *pro se/pro per/sui juris* submissions. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers").

5. I, Plaintiff and Affiant, state that defendant Rebecca Murray absconded with Plaintiff's child, removing her without Plaintiff's knowledge and consent from the state of Illinois to the state of Colorado in May 2011, precipitating a pattern of criminal predicate acts constituting civil racketeering that continues even after Plaintiff filed his Amended Complaint on June 9th, 2017.

6. I, Plaintiff and Affiant, state that I have never abandoned nor neglected in the care of my child, nor found to be an endangerment to my child by any court of competent jurisdiction.

7. I, Plaintiff and Affiant, state that I am not currently receiving any state welfare or financial aid, TANF or otherwise, for myself and for the care of my child whose natural mother is defendant Rebecca Murray.

8. I, Plaintiff and Affiant, on available information and belief, state that defendant Rebecca Murray is not currently receiving state welfare and aid for the care of my child.

9. I, Plaintiff and Affiant, on June 9th, 2017 filed and caused to be entered an Amended Complaint [*ECF #120*] with this Court, the current operative complaint in this case, charging defendants COLORADO DEPARTMENT OF HUMAN SERVICES, DENVER DEPARTMENT OF HUMAN SERVICES, DENVER DISTRICT COURT, Tanya Akins, SPAL PC, and Rebecca Murray, and others with constitutional violations, and violations of 18 U.S.C. §§ 1962(c)(d) for civil racketeering, the pattern and continuity of the predicate criminal acts so stated in the complaint being the proximate causes of the current complaint and motion for a temporary restraining order and preliminary injunction.

10. I, Plaintiff and Affiant, was notified by U.S. Mail on June 21st, 2017 that the COLORADO DEPARTMENT OF REVENUE through its DIVISION OF MOTOR VEHICLES is suspending my driver's license, effective July 21st, 2017, for reasons related to and arising from my 18 U.S.C.

§1962(c) claims wherein I am both a victim and an informant before this Court testifying to the criminal acts engaged in by Defendants causing loss and injury to my business and property. [EXHIBIT A]

11. I, Plaintiff and Affiant, state that the actions taken to suspend my driver's license, and its timing, were willfully and intentionally initiated by defendants COLORADO DEPARTMENT OF HUMAN SERVICES and DENVER DEPARTMENT OF HUMAN SERVICES, in an effort to harass[1] me and in retaliation for claims embodied in my current federal lawsuit against them; and is an attempt to impede my ability to conduct business, earn a living, to maintain my household, to care for my child, and is intended to directly interfere with my ability to parent and to effectively prosecute my case against these same Defendants before this federal Court.

12. I, Plaintiff and Affiant, was notified by 1st BANK of Lakewood, Colorado, via U.S. Mail on June 25th, 2017, that my bank account ending in -8139 was garnished by defendants Denver District Court's Clerk of Court, Akins, SPAL PC and Rebecca Murray, and yet to-be-named defendant Tracy Burgess, on June 20th, 2017, with notification received by 1st BANK on June 22, 2017, for reasons related to and arising from my 18 U.S.C. §1962(c) claims wherein I am both a victim and an informant before this Court to the criminal acts engaged in by Defendants causing loss and injury to my business and property. [EXHIBITS B and D]

13. I, Plaintiff and Affiant, state that the action to garnish my bank account with 1st BANK, and its timing, were willfully and intentionally initiated and executed by defendants DENVER DISTRICT COURT, Akins, SPAL PC and Rebecca Murray, in an effort to harass and in further

---

[1] See 18 U.S.C. Chapter 73 – Obstruction of Justice, §1512(d); §1513(e), (f).

retaliation for claims against them embodied in my current federal lawsuit; and is an attempt to harass and to impede my ability to conduct business, earn a living, to maintain my household and to safely care for my child, and is intended to directly interfere with my ability to prosecute my case against the Defendants before this federal Court.

14. On information and belief, I, Plaintiff and Affiant, state that defendants are attempting to extort[2] and prevent me from exposing their acts and omissions under 18 U.S.C. § 1962(c), (d) and for violations of my rights protected under the 5th and 14th Amendments of the federal constitution.

15. In further support of my claim of coercion and efforts to extort by defendants, I, Plaintiff and Affiant, state that on June 23rd, 2017 counsel for defendant Denver DHS-CSS and Denver District Court stated the following in an email addressed to me: "... *to the extent that all you are complaining about is the suspension of your driver's license, I can tell you that August is Child Support Awareness Month and that on August 10, if you show up at the Castro Building with some money, you will probably be able to cut a very good deal which would allow you to regain your license.*" [EXHIBIT C]. Defendant Denver DHS-CSS is clearly attempting to compel and coerce me to accept an interstate debt obligation/contract as a condition to regain my license, a contract which I allege is illegally begotten through racketeering activities; and as articulated by the maxim of law which states, "The agreement of the parties makes the law of the contracts," defendant Denver DHS-CSS is clearly attempting to extort from me my rights to lawfully contest the aforementioned illegally-begotten contract at a future date.

---

[2] See Black's Law Dictionary, 10th Edition. "Extort" *vb.* (15c) 1. To compel or coerce (a confession, etc.) by means that overcome one's power to resist.

16. I, Plaintiff and Affiant, state that on June 29th, 2017 I received via U.S. Mail notice from defendants Akins, Rebecca Murray and SPAL PC, and yet to-be-named defendant Tracy Burgess, regarding *Writs of Garnishment with Notice of Exemption and Pending Levy* issued to all my bank accounts, issued on June 20th, 2017.

17. I, Plaintiff and Affiant, state that while defendant Akins had sworn under oath and stated that three (3) blank *Claim of Exemption in Writ of Garnishment with Notice forms* were also served upon me on June 27th, 2017 via U.S. Mail, postage prepaid, to my attention and address to 4255 Kittredge Street, # 922, Denver, CO 80239, as of June 29th, 2017 I have not received nor have I been served said documents.

18. I, Plaintiff and Affiant, state that I and my child will be irreparably harmed and injured if Defendants are not enjoined from 1) garnishment of my financial and operating assets which destroys my ability to sustain, maintain and operate my business and home, and 2) suspension of my driver's license.

## FACTUAL BACKGROUND AND ARGUMENTS

19. On June 9, 2017 Plaintiff entered an Amended Complaint [*see ECF #120*] citing constitutional and civil violations against state defendants, and civil racketeering allegations[3] against individual parties operating as a defendant Association-in-Fact within the Enterprise described in Plaintiff's lawsuit [*see ECF #120*, ¶¶ 95 – 101].

20. On June 21st, 2017, Plaintiff received notification in the U.S. Mail of the suspension of his driver's license effective July 21st, 2017. [EXHIBIT A]

---

[3] Pursuant to 18 U.S.C. §1962(c), (d)

21. On June 25th, 2017, Plaintiff received notification in the U.S. Mail from 1st BANK of Lakewood, Colorado of the garnishment of his bank account ending in -8139. [EXHIBIT B]

22. On June 29th, 2017, Plaintiff received notification in the U.S. Mail from defendants Akins, Rebecca Murray and SPAL PC of additional writs of garnishment served just nine (9) days prior on June 20th, 2017, upon all my remaining bank accounts with Bank of the West and Public Service Employees Credit Union. [EXHIBIT D]

23. Plaintiff alleges these actions are directed to harass him in retaliation for claims embodied in his current federal lawsuit, and is an attempt to impede his ability to conduct business, earn a living, and to maintain his present household; and is intended to directly interfere with his ability to effectively prosecute his case against these same Defendants for civil racketeering and constitutional violations before this federal Court.

24. If this Court does not immediately enjoin Defendants from suspending Plaintiff's driver's license and from garnishing Plaintiff's bank and other financial accounts, Plaintiff and his immediate family will suffer irreparable harm.

25. Plaintiff requires access to his financial accounts and liquidity to function and survive within assistance; the defendants' actions will cause Plaintiff to become immediately insolvent financially, causing Plaintiff irreparable injuries to his ability to earn a living, forcing him to become homeless, and cause loss of property; Plaintiff has joint legal custody and half-time residential custody of his child. These actions by Defendants to cause Plaintiff's insolvency is a direct attack on Plaintiff's unalienable and natural right to life, liberty, happiness and property, protected by the federal constitution from the unjust taking of these rights by the Defendants without justifiable cause, due process and equal protection of law.

26. Plaintiff requires an uninterrupted and unrestricted ability to operate his automobile to transport himself, his property and his child on interstate and intrastate highways, public roads and thoroughfares in the performance of the following: a) to solicit and serve clients for the purpose of earning an income from consulting; b) to otherwise seek employment as a "W-2 employee"; c) to safely perform his parental responsibilities; d) to provision his home and business on a regular, safe and efficient basis; e) to safely and effectively perform his commitments and volunteer activities within the community, f) to attend to personal matters of free association and in the exercise of his liberty interests and rights to travel in his automobile for such purposes, and g) to effectively litigate his cause of action against the Defendants before this Court.

27. In arguendo, because of the criminal nature of the Defendants' predicate acts underlying Plaintiff's civil racketeering claims, your Plaintiff's emergency request for a temporary restraining order and preliminary injunction is consistent with the legislative intent of 18 U.S.C. §§1512(d), 1513(e), (f) to provide protections for federal witnesses, victims, informants and whistleblowers testifying to criminal acts and public corruption in federal proceedings. Plaintiff's instant complaint and motion for a temporary restraining order and preliminary injunction are thus proper and necessary in the interest of justice.

28. The balance of hardships weighs decidedly in Plaintiff's favor. There is assured significant irreversible harm to Plaintiff, and to his child, if Defendants are not enjoined from 1) garnishment of Plaintiff's financial and operating assets, bank and retirement accounts, inhibiting vital cashflow for both Plaintiff's home and business expenses, and 2) suspending Plaintiff's driver's license. Conversely, if this Court prevents Defendants from completing both actions, it would merely maintain the status quo where Plaintiff and defendant Rebecca Murray are both more than

adequately providing for the care of their child in the absence of any financial assistance and aid from the State of Colorado and its government subdivisions. The public interest is not compromised nor adversely impacted in any way under the status quo.

29. Finally, the public interest favors enjoining the Defendants until the controversies presented in Plaintiff's Amended Complaint [*ECF #120*] are heard at trial by jury and resolved. Defendants latest actions and efforts to harass, to interfere with and to quash your Plaintiff's ability to expose and prosecute the alleged acts of racketeering perpetrated by the Defendants using the regular operations of the Enterprise further support your Plaintiff's claims that a pattern of racketeering exists with sufficient continuity, exposing the Plaintiff, other victims and the People to the risk of ongoing criminal acts, frauds and corruption. Defendants' most recent actions also further exposes and supports Plaintiff's claims that official policies, guidelines and common practices by the state and municipal defendants in this case compromise your Plaintiff's and the People's ability to seek redress for legitimate grievances against the state.

30. As such, it is in the public interest to ensure this case moves forward to trial by jury and by enabling your Plaintiff to proceed unencumbered, by immediately enjoining Defendants from garnishing Plaintiff's bank and financial accounts, and other assets; and from maliciously suspending Plaintiff's driver's license, or immediately restoring Plaintiff's driver's license if the license is already suspended.

## SUMMARY AND PRAYER

31. **WHEREFORE**, your undersigned Plaintiff, Gilbert T. Tso, now prays for:

    A. a Temporary Restraining Order for the maximum duration permitted, extendable for good cause, and an Order granting a Preliminary Injunction, entered against the

suspension of Plaintiff's driver's license until such time the controversies before this Court are heard and resolved at trial by jury; or if necessary

B. an Order restoring Plaintiff's driver's license under authority of 28 U.S.C. § 2283, or other appropriate authority, where necessary in aid of this Court's jurisdiction, until this case goes to trial by jury and a resolution is obtained; and

C. a Temporary Restraining Order for the maximum duration permitted, extendable for good cause, and an Order granting a Preliminary Injunction, entered against all garnishments of Plaintiff's financial accounts, wages and earnings retroactively effective from October 3rd, 2016 when this case was filed and entered into the jurisdiction of this federal Article III court of record, and until such time the controversies before this Court are heard and resolved at trial by jury; and if necessary

D. an Order compelling Defendants to disgorge all amounts garnished from Plaintiff's bank and retirement accounts with such amounts returned to Plaintiff within 30-days of the date the Order granting a Preliminary Injunction is issued; and

E. for any other relief this Honorable Court deems just and equitable.

Respectfully submitted,

_____
Gilbert T. Tso
4255 Kittredge St., #922
Denver, CO 80239
Tel: (312) 339-1968
Email: gilbert.tso@gmail.com
*Pro Se / Pro Per Petitioner Party of Record*

## **VERIFICATION**

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at Arapahoe COUNTY, COLORADO, this 29th day of June 2017.

*[signature]*

Gilbert T. Tso
4255 Kittredge St. # 922
Denver, CO (312) 339-1968
Email: gilbert.tso@gmail.com
*Pro Se Petitioner Party of Record*

SWORN TO and subscribed before me this 29 day June, 2017.

*[signature]*

Notary Public

KARLA VANESSA GARCIA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154018962
MY COMMISSION EXPIRES MAY 13, 2019