IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2480-WJM-CBS

GILBERT T. TSO, individually, and as the parent and on behalf of M.X.T.,

    Plaintiff,

v.

REBECCA MURRAY, individually;
TANYA AKINS, individually;
SHERR PUTTMAN AKINS LAMB PC, a law firm;
JEANNIE RIDINGS, individually;
KILILIS RIDINGS & VANAU PC, a law firm;
RUSSELL M. MURRAY, individually;
DENA MURRAY, individually;
JOANNE JENSEN, individually;
RICHARD F. SPIEGLE, individually;
DENVER DISTRICT COURT, a municipal entity;
DENVER DEPARTMENT OF HUMAN SERVICES, a municipal entity;
THE CITY & COUNTY OF DENVER, COLORADO; and,
THE COLORADO DEPARTMENT OF HUMAN SERVICES,

    Defendants.

---

**ORDER OVERRULING OBJECTION PURSUANT TO FED. R. CIV. P. 72(a)**

---

Now before the Court is Plaintiff's Verified Motion for Court Review of Order (ECF No. 190 (Plaintiff's "Motion").) Plaintiff's Motion seeks review of an Order entered by U.S. Magistrate Judge Craig B. Shaffer on July 14, 2017. (ECF No. 168 (the "Order")), under Federal Rule of Civil Procedure 72(a).[1]

---

[1] Plaintiff's Motion is captioned as "Plaintiff's Verified Motion for Court Review of ORDER ECF #68 of July 14, 2017." (ECF No. 190.) However, this is one of many filings in this case which Plaintiff incorrectly docketed as an "Emergency Motion," when filing on the CM/ECF electronic filing system, despite the lack of any claimed or demonstrated emergency. Plaintiff is cautioned that future mis-labeling of any filings as "emergency" requests for relief may result in

In considering objections to non-dispositive rulings by a Magistrate Judge, such as that at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988).

Here, Judge Shaffer's Order permitted the late filing of two Motions to Dismiss by certain Defendants, on Monday, July 10, 2017, or one business day after the filing deadline of Friday, July 7, 2017, in part because of scheduled maintenance to the Court's CM/ECF electronic filing system beginning at approximately 5:00p.m. on July 7, 2017 (*i.e.*, before the Defendants' midnight filing deadline). The Order simultaneously granted Plaintiff's request for additional time to respond to the Motions to Dismiss.[2]

The Court finds no error in Judge Shaffer's ruling, much less clear error warranting reversal under Rule 72(a). To the contrary, Judge Shaffer's Order correctly pointed out that Plaintiff "has not articulated any prejudice," and reaffirmed the Court's preference "to have motions and proceedings decided on their merits as opposed to

---

such filings being summarily stricken, without being read by the Court.

[2] In sum, the Order acted on five then-pending motions filed by Plaintiff, denying Plaintiff's Motion to Strike (ECF No. 157), denying Plaintiff's Motion to Vacate (ECF No. 158), granting Plaintiff's Motion for an Extension of Time (ECF No. 156), and denying as moot two additional motions for extensions of time (ECF Nos. 152 & 153).

technicalities." (ECF No. 168.) Plaintiff's present Motion points to no legal or factual error in Judge Shaffer's ruling. Plaintiff "agrees . . . that [D]efendants' failure to timely file [was] due to excusable neglect." (ECF No. 190 ¶ 11.) And, while Plaintiff "complains of prejudice," he offers no explanation of how he has been prejudiced. (*Id.* ¶ 17.)

To the extent Plaintiff complains more generally that he is being treated unfairly, held to a higher standard than Defendants, or subjected to an "inherent bias," (*see id.* ¶¶ 15–21), the Court finds these claims unfounded. The thrust of Plaintiff's complaints goes to his dissatisfaction with the Court's entry of a stay of discovery (*id.* ¶¶ 15 & 20), but that matter is not raised herein, and in any event, any error related to the stay would not be appropriately rectified by striking Defendants' Motions to Dismiss based on timing rather than addressing them on their merits.

For the reasons set forth above, the Court Judge Shaffer's Order (ECF No. 168) is AFFIRMED and Plaintiff's Motion (ECF No. 190) is OVERRULED.

Dated this 9th day of August, 2017.

BY THE COURT:

William J. Martínez
United States District Judge