IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02480-WJM-STV

GILBERT T. TSO,

    Plaintiff,

v.

REBECCA MURRAY (a.k.a. TSO);
TANYA AKINS;
SHERR PUTTMANN AKINS LAMB P.C.;
JEANNIE RIDINGS;
KILILIS RIDINGS & VANAU, P.C.;
RUSSELL M. MURRAY;
DENA MURRAY;
JOANNE JENSEN;
RICHARD F. SPIEGLE, PSY.D;
DENVER DISTRICT COURT;
DENVER DEPARTMENT OF HUMAN SERVICES;
CITY AND COUNTY OF DENVER; and
COLORADO DEPARTMENT OF HUMAN SERVICES, a governmental unity or political subdivision of the STATE OF COLORADO,

    Defendants.

---

## ORDER

---

Entered By Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Complaint re: ECF #135 Pursuant to Fed. R. Civ. P. 11(b)(3) and 11(b)(4) and Motion for Sanctions (the "Motion") [#268],[1]

---

[1] The Motion is styled, in part, as a "Complaint" and references potential claims for "the torts of libel and defamation." [#268 at ¶ 15] In Plaintiff's Reply, however, he clarifies that, through the Motion, "Plaintiff is now seeking redress and sanctions against defendants [ ] solely for violations of Fed. R. Civ. P. 11(b)(3) and Rule 11(b)(4). [#271 at ¶ 6] In the instant Order, the Court thus only addresses the Motion's request for sanctions pursuant to Federal Rule of Civil Procedure 11.

which was referred to this Court [#269]. Defendants Rebecca Murray, Russell M. Murray, Dena Murray, and Joanne Jensen (collectively, "Defendants") responded to the Motion [#270], and Plaintiff filed a reply in support of the Motion [#271]. This Court has carefully considered the Motion and related briefing, the entire case file, the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion. For the following reasons, the Court **DENIES** the Motion and **DENIES WITHOUT PREJUDICE** Defendants' request for their reasonable expenses, including attorney's fees and costs, incurred in responding to the Motion.

I.  **Plaintiff's Motion for Sanctions Pursuant to Rule 11**

Through the Motion, Plaintiff "moves this Court to sanction and to strike [Defendants'] July 7, 2017 *Motion to Dismiss* [ECF #135] pursuant to [alleged] violations of Fed. R. Civ. P. 11(b)(3) and 11(b)(4)." [#268 at 1-2] More specifically, Plaintiff takes issue with the following portion of Defendants' Motion to Dismiss Plaintiff's Amended Complaint:

> Plaintiff falsely alleges on or around May 26, 2011, Rebecca Murray, "aided by Defendants R.M. Murray, D. Murray, and Jensen . . . absconded with Plaintiff's offspring . . . the minor child's whereabouts unknown to Plaintiff for at least three (3) consecutive days." [#120] at ¶ 50.[4]
> 
> ---
> [4] This allegation is factually unsupported and harassing. If this allegation had merit, then Rebecca Murray would not have been declared the residential parent for child custody purposes in the Illinois domestic relations proceedings, which has not been modified in the Colorado domestic relations proceedings.

[#135 at 5] Plaintiff argues that Defendants' contention that Plaintiff "falsely allege[d]" this allegation is unsupported and amounts to an accusation that Plaintiff "is a liar and has made a false representation to this Honorable Court." [#268 at ¶¶ 12, 13] Plaintiff

2

contends that resolution of his Motion turns on whether Defendants' statement is "backed and supported by facts and evidence the defendants can produce that would disprove Plaintiff's statements presented in ¶ 50 of his *Verified Complaint* [ECF #120]."[2] [#271 at ¶ 5]

As relevant here, Federal Rule of Civil Procedure 11(b) provides that, by presenting a written paper to the Court, an attorney "certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances" the factual contentions (and denials of factual contentions) made in the written paper have evidentiary support. Fed. R. Civ. P. 11(b)(3)-(4). If the Court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). In ruling on a motion for sanctions pursuant to Rule 11(c), "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

---

[2] Paragraph 50 of the Second Amended Complaint states in full:

> On or around May 26, 2011, without Plaintiff's consent defendant Rebecca [Murray], aided by defendants R.M. Murray, D. Murray and Jensen, and presumably with the legal advice of defendants Ridings and KRV PC, absconded with Plaintiff's offspring (the couple's minor child, then at the age of 3 years and 10 months) from Wauconda, Illinois—the minor child's whereabouts unknown to Plaintiff for at least three (3) consecutive days.

3

Here, Plaintiff's Motion focuses on whether Defendants have a valid Rule 11 basis for their contention that Plaintiff "falsely allege[d]" that Defendant Rebecca Murray, aided by Defendants R.M. Murray, D. Murray, and Jensen, "absconded with Plaintiff's offspring . . . the minor child's whereabouts unknown to Plaintiff for at least three (3) consecutive days." [#135 at 5] In their opposition to the Motion, Defendants argue that this contention is supported by the findings of the Circuit Court for the Nineteenth Judicial Court for Lake County, Illinois (the "Illinois Court") in its Judgment for Dissolution of Marriage, entered in the marriage dissolution proceedings between Plaintiff and Defendant Rebecca Murray. [#270 at 5-8 (citing #270-1)] In particular, Defendants highlight the Illinois Court's findings that:

- "At the time Rebecca departed, no divorce case had been filed, and there were no Court orders or automatic stays in effect preventing Rebecca from taking [the child] with her to Colorado." [#270-1 at ¶ 29]
- "[T]he evidence is clear that Rebecca had no intention of concealing [the child] from [Plaintiff], that [Plaintiff] knew where Rebecca and [the child] were going, and that contact between [the child] and [Plaintiff] was reestablished within a reasonable time." [*Id.*]
- "[Plaintiff's] contention that Rebecca's initial removal of [the child] was kidnapping, abduction, or even improper, is unsupported." [*Id.* at ¶ 31]

The Court agrees that the Illinois Court's Judgment provided Defendants with an objectively reasonable basis for their contention. The Illinois Court found that there was no support for Plaintiff's contention that Rebecca Murray's removal of the child was

4

improper and that Plaintiff knew where Rebecca Murray was taking the child when she left. [*Id.* at ¶¶ 29, 31] Although Plaintiff cites to evidence in support of his version of events [#268 at ¶ 6], a motion for Rule 11 sanctions is not the proper mechanism for resolving factual disputes. *See, e.g.*, *Profita v. Puckett*, No. 15-CV-01237-DME-CBS, 2017 WL 1491003, at *27 (D. Colo. Apr. 25, 2017), report and recommendation adopted, 2017 WL 4225451 (D. Colo. June 6, 2017) ("Rule 11 is meant to penalize a lawyer for irresponsible and abusive tactics; it is not an appropriate vehicle for resolving legal or factual disputes." (internal quotation omitted)); 5A Wright, Miller, *et al.*, FED. PRAC. & PROC. § 1335 (3d ed.) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.") Thus, to the extent the Motion asks the Court to resolve these factual disputes between the parties, the Court declines the invitation.

Moreover, Plaintiff's argument largely relies upon semantics—arguing (1) that Plaintiff's allegation that Rebecca Murray "absconded" with the minor child is not equivalent to an allegation that she "kidnapped" or "abducted" the child as Defendants allegedly argue in their response to the Motion [#271 at ¶ 2]; and (2) that Defendants' contention that the allegation was false amounts to an allegation that Plaintiff is a liar [#268 at ¶ 12]. Plaintiff's "dispute over semantics does not provide a basis for sanctions" under Rule 11. *McNeely v. Chappell*, No. 2:12-CV-0931-EFB P, 2013 WL 4004526, at *2 (E.D. Cal. Aug. 5, 2013); *see also Ringsred v. City of Duluth*, 187 F. Supp. 2d 1141, 1167 (D. Minn. 2001), aff'd, 39 F. App'x 480 (8th Cir. 2002) (denying

5

motion for Rule 11 sanctions where the defendant's arguments "besp[oke] of semantics, and not of untruths").

Plaintiff also complains that Defendants "refus[ed] to support their statements with affidavits." [#271 at ¶ 7; *see also* #268 at ¶ 12] As this Court previously explained, Rule 11 does not require pleadings to be verified or accompanied by affidavits. [*See* #254] To the contrary, Rule 11(a) expressly provides that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

## II. Defendants' Request for Reasonable Expenses

In their response to the Motion, Defendants "request the Motion be denied and that the Court award them their reasonable expenses, including attorneys' fees and costs, incurred for having to respond to the Motion." [#270 at 11] As Defendants acknowledge [*id.* at 12 n.4], pursuant to Judge Martinez's Practice Standards, "[a]ll requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion." Practice Standard III(B) (emphasis in original). Defendants' request for expenses—contained in its response—"does not fulfill this Practice Standard." *Id.* Given this procedural deficiency, the Court does not address the merits of Defendants' request and instead **DENIES WITHOUT PREJUDICE** Defendants' request for reasonable expenses, including attorneys' fees and costs.

DATED: February 1, 2018	BY THE COURT:

	s/Scott T. Varholak_____
	United States Magistrate Judge