**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-2480-WJM-STV

GILBERT T. TSO, individually, and as the parent and on behalf of M.X.T.,

      Plaintiff,

v.

REBECCA MURRAY, individually;
TANYA AKINS, individually and official capacities;
SHERR PUTTMAN AKINS LAMB PC, a law firm;
JEANNIE RIDINGS, individually and official capacities;
KILILIS RIDINGS & VANAU PC, a law firm;
RUSSELL M. MURRAY, individually;
DENA MURRAY, individually;
JOANNE JENSEN, individually;
DAVID P. BRODSKY, individually and official capacities;
ELIZABETH A. STARRS, individually and official capacities;
CHARLES D. JOHNSON, individually and official capacities;
ROSS B. H. BUCHANAN, individually and official capacities;
DAVID H. GOLDBERG, individually and official capacities;
THE COUNTY OF LAKE, ILLINOIS, and THE STATE OF ILLINOIS;
MITCH MCKEE, official capacity;
MONICA JACKSON, individually and official capacities;
LARA DELKA, individually and official capacities; and
THE CITY & COUNTY OF DENVER, COLORADO, & THE STATE OF COLORADO,

      Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

In Plaintiff Gilbert Tso's ("Plaintiff") latest iteration of litigation before this Court,

Plaintiff moves to set aside the March 5, 2018 Order Denying Pending Motions

("Order") (ECF No. 284) and the final judgment issued that same day (ECF No. 285)

(together, "Order & Judgment"). (ECF No. 295.) While Plaintiff focuses on the Order &

Judgment (ECF Nos. 284 & 285), he also seemingly seeks relief from "all orders"

entered by former U.S. Magistrate Judge Shaffer and the undersigned. (ECF No. 295 at 10.) Plaintiff's "Verified Motion for Relief from Orders, Final Order and Judgment" (the "Motion") contends that Judge Shaffer's spouse had a "consulting and advisory services whose clientele include[d] the City [&] County of Denver," and thus a financial interest which should have prevented Judge Shaffer from presiding in this case. (*Id.* at 9.) Plaintiff also erroneously contends that the undersigned's "impartiality for the entirety of the above named action . . . may be reasonably questioned" because the lawsuit originally named Denver Human Services ("DHS") as a defendant "implicating Denver DHS'[s] executive director Don Mares, who is related to Judge Martinez and, for whom Judge Martinez sua sponte recused himself" in a separate case. (*Id.* at 2.)

Plaintiff has not met the Rule 60 standard for relief from a judgment or order. Moreover, several of Plaintiff's factual contentions, and the assumptions drawn therefrom, are plainly erroneous. For those reasons, as further explained below, the Court denies the Motion.

## I. BACKGROUND

This case has a lengthy procedural history, with which the Court presumes general familiarity. The Tenth Circuit recently set forth a summary of the factual background of this case when it affirmed this Court's denial of various motions and dismissal of Plaintiff's claims. *See Tso v. Murray*, 2019 WL 140992, at *1 (10th Cir. Jan. 9, 2019). In brief, this lawsuit arises from Plaintiff's "dissatisfaction with the child-support obligation established in his Illinois divorce from his ex-wife." *Id.* Plaintiff brought claims against his ex-wife, her relatives, her Colorado and Illinois legal counsel,

a court-appointed psychologist, and various Colorado and Denver governmental entities, including—as relevant to the instant Motion—the City & County of Denver and DHS. *Id.*

Plaintiff filed his Second Amended Complaint (ECF No. 120) on June 9, 2017. On September 26, 2017, Judge Shaffer recommended dismissing Plaintiff's Second Amended Complaint (the "Recommendation"). (ECF No. 237.) On February 28, 2018, this Court adopted the Recommendation over Plaintiff's objection, granted Defendants' various motions to dismiss, and denied as futile Plaintiff's request for leave to supplement the complaint ("Order Adopting Recommendation"). (ECF No. 282.)

The Court subsequently entered the Order, in which it denied Plaintiff's motion for leave to amend and motion to consolidate with *Tso v. Murray*, No. 17-cv-2523 (D. Colo., filed Oct. 20, 2017) pending before Judge Philip A. Brimmer of this District, and directed entry of a final judgment. (ECF Nos. 284 & 285.) The Tenth Circuit affirmed this Court's Order Adopting Recommendation and Order & Judgment. (ECF No. 306.)

## II. LEGAL STANDARD

A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary and should not be disturbed except for a manifest abuse of discretion). Morever, the Court is "mindful that Rule 60(b) 'relief is extraordinary and may only be granted in exceptional circumstances.'" *Beugler v. Burlington Northern & Santa Fe Ry. Co.*, 490 F.3d 1224,

1229 (10th Cir. 2007) (citing *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)).  Reconsideration under Rule 60(b) is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor is it a vehicle by which to present new arguments based upon law or facts that existed at the time of the original argument.  *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991).

Rule 60(b)(6) provides for relief from a judgment when there is "any other reason that justifies relief."  While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Plaintiff proceeds *pro se*, and the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, the Court cannot act as advocate for a *pro se* litigant, who must comply with the requirements of the Federal Rules of Civil Procedure.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

Plaintiff argues that, due to supposed conflicts of interest which undermine the impartiality of Judge Shaffer and the undersigned, the orders entered in this case are void or should be vacated in the interest of justice.  (ECF No. 295 at 2, 10.)  *See* Fed. R. Civ. P. 60(b)(4), (6).  Plaintiff is factually and legally incorrect.

### A.    The Motion is Untimely

A motion for reconsideration under Rule 60(b) must be made within a

"reasonable time." Fed. R. Civ. P. 60(c). There must be a "sufficient justification for delay . . . taking into consideration the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Saggiani v. Strong*, 718 F. App'x 706, 710 (10th Cir. 2018) (citations omitted).

Plaintiff learned of the facts on which his Motion is based long before he filed the Motion. Plaintiff was aware of Judge Shaffer's supposed conflict in December 2016, a year-and-a-half before his motion. Plaintiff learned of the undersigned's recusal in another matter due to a friendship with a named party in the other matter (the Executive Director of DHS) six months before the instant Motion. Despite this knowledge, Plaintiff did not file a motion for recusal or otherwise suggest that either judge should be recused until June 21, 2018. Plaintiff does not attempt to justify why he is seeking recusal and reconsideration at this stage of the litigation, or even address the gap between discovery of the purported basis for recusal and moving for recusal and reconsideration. Because Plaintiff knew of the grounds relied upon well in advance of the motion and has not attempted to justify the delay, the Court finds that the interest of finality and potential prejudice to the non-moving parties far outweigh Plaintiff's untimely argument for reconsideration. *See Saggiani*, 718 F. App'x at 710. On this ground alone, the Court could deny Plaintiff's Motion.

**B.    No Substantive Grounds for Recusal and Reconsideration**

Neither Judge Shaffer nor the undersigned had a conflict of interest justifying recusal in this matter, and therefore, there is no basis to reconsider any orders entered.

A judge must disqualify himself "in any proceeding in which his impartiality might

reasonably be questioned" or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) & (b)(1). In addition, a judge should disqualify himself or herself if the judge's spouse "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome." *Id.* § 455(b)(4) & (b)(5)(iii). Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)). However, adverse rulings, solely due to their adverse nature, are not a basis for disqualification. *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001).

"The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Bryce*, 289 F.3d at 659–60. The purpose of the statute is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce*, 289 F.3d at 659.

1.    *Judge Shaffer*

Plaintiff fails to present facts to support his argument that Judge Shaffer had a conflict of interest or that his impartiality might reasonably be questioned. During a

6

December 2, 2016 status conference, Judge Shaffer "advised parties of a potential conflict with [the] City of Denver Attorney's Office." (ECF No. 63 at 1.) "No one raise[d] any questions for the court" at that time. *Id.* Nor does Plaintiff suggest he raised concerns about a potential conflict at that time. Plaintiff now alleges that Judge Shaffer had an *actual* conflict of interest because Judge Shaffer's spouse provided consulting services to the City & County of Denver. (ECF No. 295 at 6–7.) Specifically, Plaintiff presumes that Judge Shaffer's spouse had a fee-based advisory service and thus hypothesizes a financial interest in the City & County of Denver. (*Id.* at 9.) Plaintiff further contends that Judge Shaffer's subsequent rulings against him "reinforced Plaintiff's presumption [that] Judge Shaffer lacks impartiality." (*Id.* at 10.)

Plaintiff has not presented any facts beyond his own speculation that Judge Shaffer's spouse had a financial interest in the City & County of Denver. Instead, Plaintiff merely assumes that Judge Shaffer's spouse's consulting business was an on-going, fee-based advisory service, and, on that assumption, posits a financial interest in the City & County of Denver. "[R]umor, speculation, beliefs, conclusions, or other non-factual matters" are not adequate bases for recusal. *See Estate of Bishop*, 256 F.3d 1050, 1058 (10th Cir. 2001). Plaintiff has failed to present factual matter and reasonable inferences drawn therefrom as to Judge Shaffer's supposed conflict. Moreover, Plaintiff attempts to bolster his conclusion on Judge Shaffer's lack of impartiality by pointing to Judge Shaffer's adverse rulings. These adverse rulings, adopted by the undersigned and affirmed by the Tenth Circuit, cannot alone support disqualification. *See Estate of Bishop*, 256 F.3d at 1058. On the facts presented, no

reasonable person would harbor doubt as to Judge Shaffer's impartiality in this matter. *See Bryce*, 289 F.3d at 659.

2. *The Undersigned*

The undersigned also has no basis for recusal in the instant action. Plaintiff contends that the undersigned's friendship with the Executive Director of DHS is disqualifying, even though the Executive Director is not a party to the instant action.[1] As support, Plaintiff cites the undersigned's recusal in an action pending before Judge Brimmer in which the Executive Director was named as a defendant in his professional capacity. In that action, the undersigned recused himself because, based on his friendship with the Executive Director, "he would not be able to be fair and impartial to the Plaintiff." *Tso v. Murray*, No. 17-cv-2523 (D. Colo., filed Jan. 12, 2018), ECF No. 16.

However, in the instant action, Plaintiff merely named DHS, not the Executive Director. The undersigned has no  relationship of any kind with DHS, nor has Plaintiff alleged any relationship beyond the undersigned's friendship with the Executive Director who, again, is *not* a party to this action. *See Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 916 (2004) ("[Friendship] has traditionally not been a ground for recusal where official action is at issue, no matter how important the official action was to the ambitions or the reputation of the Government officer."). Plaintiff has not presented sufficient facts to meet his burden to show that recusal is required. *Enlow v. Covidien LP*, 2013 WL 3974714, at *2 (D. Colo. Aug. 1, 2013). The undersigned has

---

[1] Plaintiff also wrongly suggests that the undersigned and the Executive Director are related. While the two have an abiding 15-year friendship, they are not biologically related.

no personal bias or prejudice toward DHS or any other named party in the litigation, and his impartiality regarding the agency cannot reasonably be questioned. 28 U.S.C. § 455(a) & (b)(1). As such, the undersigned has no basis to recuse himself from the instant action or revisit prior orders.

\* \* \*

Because neither Judge Shaffer nor the undersigned were conflicted from adjudicating this matter, the Recommendation, Order Adopting the Recommendation, the Order & Judgment, and any other order entered by Judge Shaffer or the undersigned are not void or otherwise invalid. Plaintiff does not present any other reason to justify reconsideration. Plaintiff has therefore failed to assert any reason for relief from judgment under Rule 60 and the Court thus denies Plaintiff's Motion for reconsideration.

## IV. CONCLUSION

The Court finds that Plaintiff has failed to satisfy any subsection of Rule 60(b), and has therefore failed to meet his high burden of showing that he is entitled to relief from judgment under that Rule. For the reasons set forth above, Plaintiff's Motion (ECF No. 295) is DENIED.

Dated this 20th day of February, 2019.

BY THE COURT:

William J. Martínez
United States District Judge